Buy New England Lobsters LLC v Crazy Lobster & Shellfish Co. Inc. (2025 NY Slip Op 51104(U))

[*1]

Buy New England Lobsters LLC v Crazy Lobster & Shellfish Co. Inc.

2025 NY Slip Op 51104(U)

Decided on July 14, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 14, 2025
Supreme Court, Westchester County

Buy New England Lobsters LLC, Plaintiff,

against
Crazy Lobster & Shellfish Company Inc., Defendant.

Index No. 56061/2022

Smith Carroad et al.
Attorneys for Plaintiff
5036 Jericho Tpke. Commack, New York 11725
Sisca Sisca & Associates LLP
Attorneys for Defendant 461 Westchester Avenue
Port Chester, NY 10573

Linda S. Jamieson, J.

The following papers numbered 1 to 4 were read on this motion:
Paper Number
Notice of Motion, Affidavit, Affirmation and Exhibits 1
Memorandum of Law 2
Affirmation and Exhibits in Opposition 3
Reply Memorandum of Law 4
Defendant brings its motion seeking (1) to vacate the default judgment entered by the Westchester County Clerk on November 22, 2024 (the "Judgment") and dismissing plaintiff's complaint as abandoned pursuant to CPLR § 3215(c); (2) in the alternative, vacating the Judgment and granting defendant leave to file and serve an answer with counterclaims pursuant to CPLR § 317; (3) in the further alternative, vacating the Judgment, granting defendant leave to file and serve an answer with counterclaims, and compelling plaintiff's acceptance of said answer.
This is a case in which plaintiff sued defendant for $3,627 in unpaid bills for lobsters which it delivered to defendant. Defendant claims that it rejected the lobsters upon delivery, as many of them were dead. It attaches to its motion what it claims are text messages between the parties and images of the dead lobsters, although none of these are dated. Defendant asserts that [*2]it was damaged in excess of $10,000 by plaintiff's failure to deliver what it had ordered. This is the basis for defendant's proposed counterclaim.
The procedural history is relevant here. On January 6, 2022, defendant filed its biennial statement with the New York Secretary of State. At that time, it filed a change of address, because the business had moved (in late December 2021) from Columbus Avenue to Franklin Street, both in Port Chester. Defendant's principal states in his affidavit that when the company was at the Columbus Avenue address, there were frequent mail issues. Specifically, defendant states that unlike at its present building, where it does have a private mailbox, it did not have one at the previous address: "Mail addressed to 244 Columbus Avenue in Port Chester is delivered to a general common mailbox for the entire building that was shared by all tenants in the building. Mail addressed to 244 Columbus Avenue, including mail addressed to the corporation, is deposited into this general mailbox where it would sit unless and until retrieved by the addressee or taken or discarded by someone else. This was a notoriously unreliable system. Mail delivered to the corporation at this address frequently went missing, was never received, or was given to me late because it had been taken by other tenants in the building."
After defendant had moved and filed its change of address with the Secretary of State on January 6, 2022, plaintiff purportedly served defendant by serving the Secretary of State on February 7, 2022. There is no indication as to where the Secretary of State sent the summons and complaint; defendant's principal states that it did not receive it at the current address, despite having timely updated its address. 
Plaintiff attempted to serve its additional mailing pursuant to CPLR § 3215(g)(4) on defendant by mailing the summons and complaint to the outdated address. Indeed, plaintiff has persisted in using the wrong address for defendant through November 2024, when it applied for the Judgment. It appears that plaintiff failed to serve defendant with a copy of the entered Judgment (at any address, incorrect or otherwise).
Defendant argues that the Court should vacate the Judgment and dismiss the action on the basis of abandonment, because plaintiff waited far too long to seek its Judgment. It appears that although plaintiff did attempt, on May 18, 2022, to seek a Judgment within one year of the alleged default, as required by CPLR § 3215, plaintiff failed to file all of the necessary documents. The Clerk rejected the proposed Judgment, and notified plaintiff on June 8, 2022 of the errors. The Clerk informed plaintiff of what was missing, and stated "DO NOT FILE A NEW DOCUMENT: To refile the documents, go to the Document List for this case and click the 'Refile Document' link under each document." Instead of timely refiling the documents, however, plaintiff waited nearly 2.5 years to refile the documents.[FN1]
 
Plaintiff asserts in its opposition to this motion that the reasons for this long delay were (1) it assumed that it had made the proper filing in December 2022, and it was the County Clerk's fault that it had not entered the Judgment; (2) "it was during this time that we had significant turnover in-staff [sic], and one paralegal was handling submission of judgments, rejections motions, and other court matters for hundreds of cases at the time and simply can not [sic] recall what happened with this judgment submission in 2022;" and (3) "in October 2024, my former paralegal for some inexplicable reason sent a new affidavit of facts to the client to [*3]execute and submitted an entirely new judgment to the court. This judgment was rejected by the clerk, as this new judgment was not submitted within a year of the default, however the clerk further directed that my office re-submit the judgment as a 'corrected judgment' to the original timely judgment submitted as Document #5 back in May, 2022."
The Court finds that although plaintiff did neglect this matter from the June 2022 rejection of the proposed Judgment until the re-filing in November 2024, it did not intend to abandon it. The Court thus denies the motion to dismiss for abandonment. That being said, however, the Court finds it disingenuous at best that despite the mistakes it made, plaintiff is taking the position that defendant is not entitled to the same flexibility, and that it has not presented the Court with a reasonable excuse for the default and a meritorious defense. See Mountain Valley Indem. Co. v. Goicoechea, 237 AD3d 1088, 1089, 231 N.Y.S.3d 621, 622 (2d Dept. 2025).
On the contrary, the Court finds that defendant has presented a reasonable excuse — plaintiff certainly and, possibly the Secretary of State, used an outdated mailing address, even though defendant did timely update the address as required. The failure to receive the papers timely is a reasonable excuse. Defendant has also presented a potentially meritorious defense, that the lobsters were dead and that it timely notified plaintiff of this. These are questions of fact that defendant should be allowed to present.
Accordingly, the Court grants the motion to the extent that it vacates the Judgment. Plaintiff shall take all steps necessary to notify the County Clerk that the Court has vacated the Judgment. It shall do so within 10 business days of receipt of this Decision and Order. The Court also grants defendant 10 business days from the date of receipt of this Decision and Order for defendant to file its answer and counterclaims. Plaintiff then can answer the counterclaims pursuant to the CPLR. The Court notes that given the amount at stake, it may make more sense for the parties to resolve this matter than to litigate.
The foregoing constitutes the decision and order of the Court.[FN2]

Dated: July 14, 2025
White Plains, New York
HON. LINDA S. JAMIESON, J.S.C.
Justice of the Supreme Court

Footnotes

Footnote 1:It appears that the County Clerk did not strike the November 2024 filings as untimely because they were re-filings.

Footnote 2:All other arguments raised on this motion and all materials submitted by the parties in connection therewith have been considered by this Court, notwithstanding the specific absence of reference thereto.